IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-336-BO

| | |
|---|---|
| COURTNAY T. BRISSETT and LADWIN BRISSETT, <br><br> Plaintiffs, <br> v. <br><br> GREEN TREE SERVICING, LLC, *et al.* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    **O R D E R** <br> ) <br> ) <br> ) <br> ) |

This matter is before the Court on defendants Shoaf Law Firm, P.A. and Ryan Shoaf's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs, proceeding *pro se*, have failed to respond. Also before the Court is plaintiff's "notice" seeking sanctions against defendants and defendants' motion to stay discovery.

## BACKGROUND

Plaintiffs filed this action concerning an allegedly fraudulent quit-claim deed. Plaintiffs named a number of defendants, all but two of whom were dismissed on plaintiffs' filing of a notice of voluntary dismissal. The remaining defendants, Shoaf and Shoaf Law Firm, have answered plaintiff's complaint and moved to dismiss it for lack of subject matter jurisdiction. Plaintiffs allege the following claims against the Shoaf defendants: unfair and deceptive trade practices, breach of fiduciary duty, professional misconduct, gross negligence, civil conspiracy, and conspiracy in facilitation of fraud. In their complaint, plaintiffs state that this Court has federal question jurisdiction over their claims.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of

subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Plaintiffs have failed to show that this Court has subject matter jurisdiction over their claims. Generally, whether this Court has federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). A review of plaintiffs' complaint and the exhibit thereto reveals no federal question that would vest this Court with subject matter jurisdiction. Each of the claims against the remaining Shoaf defendants arise under state law. Therefore, even if a claim in the complaint against another defendant would have vested this Court with subject matter jurisdiction, those defendants have been voluntarily dismissed and the Court would decline to exercise jurisdiction over the remaining state law claims against the remaining defendants. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Because plaintiffs have failed to come forward and demonstrate any basis for this Court's jurisdiction, defendants' motion to dismiss [DE 39] is GRANTED. Defendants' motion to stay responding to discovery [DE 51] is DENIED AS MOOT. Plaintiffs' notice/motion for sanctions [DE 50] is without merit and is DENIED.

SO ORDERED.

This the 22 day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 5:14-cv-00336-BO   Document 54   Filed 01/23/15   Page 2 of 2